PEOPLE v. WINDHOLZ.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. CIDER VINEGAR—ADULTERATION—AGRICULTURAL LAW—CONSTITUTIONALITY.

Agricultural Law, § 50 (Laws 1893, p. 667, c. 338), defining adulterated vinegar as a vinegar containing any proportion of lead, etc., or which has not an acidity equivalent to the presence of at least 4½ per cent., by weight, of absolute acetic acid, but declaring that cider vinegar made by a farmer within the state, exclusively from apples grown on his own land, or their equivalent in cider taken in exchange therefor, shall not be deemed adulterated if it contain 2 per cent. solids and sufficient alcohol to develop the required amount of acetic acid, is unconstitutional, as containing an unlawful discrimination in favor of farmers and purchasers of cider from them.

2. SAME—EFFECT.

Such unconstitutional provision did not invalidate the entire act, since the balance of the act was separable from that part fixing the degree of acidity for cider vinegar, and sustainable apart from such unconstitutional provision.

3. SAME—COMPLAINT.

A complaint in an action for a penalty for keeping and offering for sale adulterated vinegar, alleging that between certain dates defendant manufactured for sale, kept and offered for sale, adulterated vinegar which was made in imitation or semblance of cider vinegar, and that he manufactured, kept, and offered for sale as and for cider vinegar a vinegar or product which was not cider vinegar as defined by statute, was sufficient under Agricultural Law, §§ 50-53 (Laws 1893, pp. 667, 668, c. 338), defining adulterated vinegar, prohibiting the sale thereof, and imposing a penalty for its violation.

Williams and Stover, JJ., dissenting.

Appeal from Trial Term, Onondaga County.

Action by the people against Louis Windholz. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

See 74 N. Y. Supp. 241.

The action was commenced on the 22d day of June, 1903, to recover two penalties of $100 each because of the alleged violation of the provisions of sections 50, 51, 52, and 53 of the agricultural law (Laws 1893, pp. 667, 668, c. 338). The complaint alleged, in substance, as the first cause of action, that between the 1st day of June, 1901, and the 15th day of July, 1901, the defendant manufactured for sale, kept for sale, and offered for sale adulterated

¶ 2. See Statutes, vol. 44, Cent. Dig. § 58.

vinegar; manufactured, kept, and offered for sale vinegar which was made in imitation or semblance of cider vinegar; manufactured, kept, and offered for sale as and for cider vinegar a vinegar or product which was not cider vinegar, as defined by the statute. For a second cause of action it was alleged, in substance, that between said dates the defendant manufactured for sale, offered for sale, and sold several barrels or casks of vinegar made in imitation or semblance of pure cider vinegar, and which was not made exclusively from pure apple juice, but was adulterated, and that said barrels or casks were branded "Cider Vinegar"; that they did not contain cider vinegar, but an adulterated product, made by adding substances deleterious to health, and colored so as to give it the semblance or appearance of pure cider vinegar, and was not in fact made from pure apple juice. Judgment for $100 was demanded for the alleged violation of the statute as set forth in each of said causes of action. The defendant alleged in his answer, among other things—which is the only defense urged upon this appeal—that section 50 of the agricultural law, which defines adulterated vinegar and pure cider vinegar, is unconstitutional and void, and therefore that no action predicated upon such section can be maintained. The trial court so held, and dismissed the complaint, with costs in favor of the defendant. Judgment was entered accordingly, and from such judgment this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

M. F. Dillon, for appellant.
Frank Hopkins, for respondent.

McLENNAN, P. J. The only question presented by this appeal is whether or not section 50 of the agricultural law is unconstitutional, and therefore void. The sections are as follows (Laws 1893, pp. 667, 668, c. 338):

"Sec. 50. Definition of adulterated vinegar. All vinegar which contains any proportion of lead, copper, sulphuric acid, or other ingredients injurious to health, or any artificial coloring matter, or which has not an acidity equivalent to the presence of at least four and one half percentum, by weight, of absolute acetic acid, or cider vinegar which has less than such an amount of acidity, or less than two percentum of cider vinegar solids on full evaporation over boiling water, shall be deemed adulterated. The term cider vinegar. when used in this article, means vinegar made exclusively from pure apple juice. Provided, however, that cider vinegar made by a farmer in this state, exclusively from apples grown on his land, or their equivalent in cider taken in exchange therefor, shall not be deemed adulterated, if it contain two percentum solids and sufficient alcohol to develop the required amount of acetic acid. As amended by chapter 308 of the Laws of 1901.
"Sec. 51. Manufacture and sale of adulterated or imitation vinegar prohibited. No person shall manufacture for sale, keep for sale or offer for sale: (1) Any adulterated vinegar. (2) Any vinegar or product in imitation or semblance of cider vinegar, which is not cider vinegar. (3) As or for cider vinegar, any vinegar or product which is not cider vinegar.
"Sec. 52. Packages containing cider vinegar to be branded. Every manufacturer or producer of cider shall plainly brand on the head of each cask, barrel or keg, or other package containing such vinegar, his name and place of business and the words 'Cider Vinegar.' No person shall mark or brand as or for cider vinegar any package containing that which is not cider vinegar.
"Sec. 53. Penalties. Every person violating the provisions of this article shall forfeit and pay to the people of the state of New York the sum of one hundred dollars for each violation."

It was expressly held by this court that section 50 of the agricultural law is not violative of the "commerce clause" of the Constitution of the United States (People v. Niagara Fruit Co., 75 App. Div. 11, 77

N. Y. Supp. 805, affirmed 173 N. Y. 629, 66 N. E. 1114), and it is not claimed upon this appeal that the section is subject to such criticism. The appellant, however, insists that the section is unconstitutional and void because in contravention of article 1, § 6, of the Constitution of the state, and section 1, art. 14, of the Amendment to the Constitution of the United States, both of which prohibit the state's depriving any one of liberty without due process of law. It is well settled that a statute which, by discrimination or otherwise, prevents an individual's pursuing a lawful vocation, is a deprivation of liberty within the meaning of both of the constitutional provisions referred to. The act in question applies without discrimination to all individuals, except so far as it allows farmers to manufacture, and farmers and purchasers from them to deal in, cider vinegar which does not contain an acidity equivalent to the presence of at least 4½ per centum, by weight, of absolute acetic acid; while it prohibits all other persons from manufacturing and dealing in cider vinegar that has not that amount of acidity. This is clearly a discrimination in favor of the farmer. He is permitted to engage in the manufacture of vinegar from apples raised upon his own land, or to exchange such apples for vinegar manufactured by another, and then to sell the same, even although the product does not contain 4½ per centum, by weight, of absolute acetic acid, provided there is present sufficient alcohol to develop such per centum of acidity; but all other persons are prohibited from doing the same thing. Such provision is violative of both the state and United States Constitutions, and to that extent the statute is invalid.

It does not follow, however, that because of such unconstitutional provision the entire statute is void. In fact, the case of Niagara Fruit Company, supra, is necessarily authority for the proposition that the objectionable provision of the statute may be eliminated, and leave the remaining portion valid. Although the precise question was not argued upon the appeal to this court in that case, or in the Court of Appeals as appears from the record upon appeal, it was necessarily involved, and must have been decided adversely to the respondent's contention; otherwise the judgment in that case could not have been affirmed. In fact, the question was fully discussed in the opinion of the learned referee before whom that case was tried, which was made a part of the record on appeal both in this court and the Court of Appeals. The learned referee said:

"I conclude, therefore, that the statute is unconstitutional, as violating both the state and the United States Constitutions, in so far as it permits one class of citizens to engage in the manufacture and sale of cider vinegar complying with a certain standard, and prohibits all others from doing the same. But it does not follow that the entire statute is void. There are certain provisions which are applicable to all classes, and subject to no constitutional objections, which are separate and distinct in their nature from the provisions fixing a standard of a certain degree of acidity for cider vinegar. These are the definitions of adulterated vinegar as that which contains certain specified poisons 'or other ingredients injurious to health, or any artificial coloring matter,' and of cider vinegar as that which does not contain two per centum of cider vinegar solids, the prohibitions against the manufacture, keeping for sale, or offering for sale of vinegar in imitation or semblance of cider vinegar, and offering for sale or selling as cider vinegar that which is not cider vinegar, the mandates in regard to branding cider vinegar packages, and the pro-

hibitions against branding any package as 'cider vinegar' which contains that which is not cider vinegar. These provisions, enacted for the purpose of preventing fraud, cover subjects distinct from those relating to acidity, and they create offenses accordingly. Full effect may be given to the fifty-third article of the statute imposing penalties even though those portions of the definition of adulterated vinegar contained in section 50, which relate to acidity, should be stricken out."

We think the foregoing correctly interprets the meaning and scope of the statute, and is a correct exposition of the law applicable thereto. At all events, we consider that the decision in the Niagara Fruit Case, supra, should be regarded as decisive of the questions involved upon this appeal. In that case the allegations in the complaint, which, for all practical purposes, were the same as the allegations of the complaint in the case at bar, were proven, and it was held that a recovery of the penalties could be had. It follows that, if the facts alleged in the complaint in this case should be proven, a recovery could likewise be had; in other words, the complaint in the case at bar states facts sufficient to entitle the plaintiff to recover under each alleged cause of action. The judgment must therefore be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event.

SPRING, J., concurs. HISCOCK, J., concurs in result. WILLIAMS and STOVER, JJ., dissent.